# EXHIBIT B

FILED
DALLAS COUNTY
1/2/2015 4:37:10 PM
FELICIA PITRE
DISTRICT CLERK

Gay Smith

Case 3:15-cv-00557-M   Document 1-5   Filed 02/17/15   Page 2 of 7   PageID 23

2 CIT/ ATTY

DC15-00055

CAUSE NO. _____

| | | |
|---|---|---|
| LONGWELL COMPANY A/K/A OR D/B/A NEWPORT LANDING, LLC | § § § | IN THE DISTRICT COURT OF |
| v. | § § | DALLAS COUNTY, TEXAS |
| ASPEN SPECIALTY INSURANCE COMPANY AND ASPEN INSURANCE UK LIMITED | § § § § | 95TH-D \_\_\_\_\_ JUDICIAL DISTRICT |

## ORIGINAL PETITION

Longwell Company a/k/a or d/b/a Newport Landing, LLC (hereinafter referred to as "Insured") file(s) the following suit petition seeking a money judgment against Defendants, Aspen Speciality Insurance Company and Aspen Insurance UK Limited (hereinafter collectively referred to as "Aspen"), and in support of same, would show the following:

1.

Insured designate(s) this case as a Level 2 Discovery Control Plan, such that discovery is to be conducted under Level 2 Discovery Control Plan of the Texas Rules of Civil Procedure.

2.

Insured plead(s) TRCP 47(c)(5).

3.

Insured is/are a foreign corporation authorized to do and doing business in the State of Texas.

4.

Aspen Speciality Insurance Company is a surplus lines insurer eligible to do business in the State of Texas and engaged in the business of insurance in the State of Texas, but who has not appointed an agent for service of process in the State of Texas. As such, Aspen may be served pursuant to Section 804.106 of the Texas Insurance Code, by service of citation on the Texas

Secretary of State.

5.

Aspen Insurance UK Limited is a surplus lines insurer authorized to do business in the State of Texas and engaged in the business of insurance in the State of Texas, but who has not appointed an agent for service of process in the State of Texas. As such, Aspen may be served pursuant to Section 804.106 of the Texas Insurance Code, by service of citation on the Texas Secretary of State.

6.

Insured would show Aspen issued a policy of insurance, Policy Number AS7095001FOT-152, said policy being effective from January 16, 2007 through January 16, 2008. Insured would show this policy insured the Neptune Landing Apartments located at 10850 Walnut Hill Lane, Dallas, Texas 75238. (hereinafter referred to as the "Insured Property").

6.

Insured would show that during the time the policy issued by Aspen insuring the Neptune Landing Apartments was in effect, the Neptune Landing Apartments were damaged hail. Insured timely made a claim for this damage to Aspen, which claim was denied by Aspen on January 3, 2013. Aspen has failed to pay the amount owed to Insured, when Aspen's liability has become reasonably clear. Such is a violation of the Texas Insurance Code, Section 17.50(a)(4) of the Deceptive Trade Practices Act, and the Prompt Payment of Claims Act. .

6.

Insured has complied with all conditions precedent under the insurance policy for paying the claim, yet Aspen has failed to do so. This is a violation of the Prompt Payment of Claims Act, subjecting Aspen to the 18% per annum penalty and attorney's fees provided in that statute.

7.

Insured would show that Aspen's actions constitute a breach of the insurance contract. They also constitute a breach of the duty of good faith and fair dealing by not paying Insured for its damages when Aspen knew or should have known that its liability had become reasonably clear. All of these actions by Aspen constitute a breach of the duty of good faith and fair dealing that was imposed on Aspen by Texas law.

8.

Insured would show that the actions of Aspen described in the preceding paragraphs also constitute a violation of Section 17.46(a) and 17.50(a)(4) of the Texas Business & Commerce Code (commonly referred to as the Deceptive Trade Practices Act), and also constitute a violation of the following provisions of Section 17.46(b) of the Deceptive Trade Practices Act:

(5)   representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities which they do not have;

(7)   representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another;

(12)  representing that an agreement confers or involves rights, remedies or obligations which it does not have or involve, or which are prohibited by law; and

(23)  the failure to disclose information concerning goods and services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

9.

Insured would show that Aspen's actions described in the preceding paragraphs also constitute unconscionable action or course of action so as to entitle Insured to relief under Section 17.50(a)(3) of the Deceptive Trade Practices Act.

10.

Insured would show that Aspen's actions described in the preceding paragraphs would also constitute unfair claims settlement practices under the Texas Insurance Code, including the following:

(i) misrepresenting to a claimant a material fact or policy provision relating to the coverage at issue;

(ii) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

(iii) failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement under one portion of the policy of the claim with respect to which the insurer's liability has become reasonably clear in order to influence the claimant to settle an additional claim under another portion of the coverage;

(iv) failing to provide promptly to a policyholder a reasonable explanation of the basis of the policy, and relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromised settlement of a claim;

(v) failing within a reasonable time to affirm or deny coverage of the claim to the policyholder;

(viii) refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

Aspen's violation of these provisions by its actions described in the preceding paragraphs would subject Aspen to liability to Insured under the Texas Insurance Code, thereby entitling Insured to all of their actual damages to which Aspen's actions were the proximate and/or producing cause. Insured would show that such damages are in an amount which exceed the minimum jurisdictional limits of this Court.

11.

Insured would show that Aspen's actions were committed knowingly as that term is defined in the Deceptive Trade Practices Act and the Texas Insurance Code. As a result, in addition to the

**ORIGINAL PETITION - Page 4**

damages which Insured is owed under the insurance contract, Insured would also seek all additional damages under the Deceptive Trade Practices Act and the Texas Insurance Code that may be awarded by the trier of fact due to Aspen's "knowing" conduct pertaining to this matter, up to the maximum amount allowed for such damages under the Deceptive Trade Practices Act and the Texas Insurance Code.

12.

In addition, Insured would seek reasonable attorney's fees from Aspen pursuant to Section 38.001 of the Civil Practice & Remedies Code, and also pursuant to Section 17.50 of the Deceptive Trade Practices Act, the Texas Insurance Code, and the Prompt Payment of Claims Act.  In addition, Insured would seek the 18% per annum penalty allowed under the Prompt Payment of Claims Act for all amounts relating to Aspen's failure to timely handle and/or pay the claim in accordance with the requirements of the Act.  Insured would also seek actual damages representing the amount which Aspen would owe under the insurance policy for the damage to Insured's property involved in this lawsuit.

For all of the above reasons, Longwell Company a/k/a or d/b/a Newport Landing, LLC would respectfully request that after all due proceedings be had in this matter, judgment be awarded in its favor and against Defendants, Aspen Speciality Insurance Company and Aspen Insurance UK Limited, for all actual damages, as well as additional damages under the Deceptive Trade Practices Act and Texas Insurance Code, the 18% per annum penalty of the Prompt Payment of Claims Act, reasonable attorney's fees through trial and any appeals, prejudgment interest at the maximum amount allowed by law, post-judgment interest at the maximum amount allowed by law, and court costs.

Respectfully submitted,

S/Russell J. Bowman
Russell J. Bowman
Texas State Bar No. 02751550
800 West Airport Freeway, Suite 860
Irving, Texas 75062
(214) 922-0220
(214) 922-0225 (FAX)
E-Mail: russelljbowman@sbcglobal.net
ATTORNEY FOR PLAINTIFF(S)